UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO EDMOND,

     Plaintiff,                      **CASE NO.**: 2:21-cv-00824

v.

CHARLOTTE COUNTY, FLORIDA,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     The Plaintiff, MARCO EDMOND, by and through his undersigned counsel, hereby files this Complaint against the Defendant, CHARLOTTE COUNTY, FLORIDA, and respectfully alleges as follows:

**INTRODUCTION**

1.     The Plaintiff, MARCO EDMOND (hereinafter "Plaintiff"), brings this action against Defendant, CHARLOTTE COUNTY, FLORIDA (hereinafter "Defendant" or the "County"), his former employer, seeking to recover damages for unlawful discrimination on the basis of race and national origin, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and its implementing Regulations; and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 *et seq.* ("FCRA"). In addition, Plaintiff seeks to redress violations by Defendant of the Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020) ("FFCRA"), including provisions of the Em iojergency Paid Sick Leave Act ("EPSLA") and the

Emergency Family and Medical Leave Expansion Act ("EFMLEA") contained therein, and its implementing Regulations; the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"); and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2.  As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his race and national origin, subjected him to a hostile work environment, and retaliated against him in violation of his rights under Title VII and the FCRA. Plaintiff further alleges that Defendant unlawfully interfered with the exercise of Plaintiff's FFCRA and FMLA rights and unlawfully retaliated against him for exercising those rights in violation of the FFCRA, FMLA, and FLSA.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

4.  This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5.  Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District

and Division. All facts and circumstances arising from this dispute took place in Charlotte County, Florida.

6.     Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## THE PARTIES

7.     Plaintiff MARCO EDMOND is an adult individual and resident of Charlotte County, Florida who, at all times material herein, resided in Charlotte County, Florida.

8.     Plaintiff is an adult Black Haitian male.

9.     Plaintiff is a member of a class protected against discrimination on the basis of his race and national origin by Title VII and the FCRA.

10.    During the time period from on or around March 2018 until on or around April 30, 2020, Plaintiff was employed by Defendant as a Maintenance Worker in the Road Maintenance and Operations Division of the County's Public Works Department.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the FFCRA, FLSA, and FMLA.

13.    Defendant CHARLOTTE COUNTY, FLORIDA is a Charter County and political subdivision of the State of Florida.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Charlotte County, Florida.

15.   At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the FCRA, FFCRA, FLSA, and FMLA.

16.   Accordingly, Defendant is liable under Title VII and the FCRA for the unlawful discrimination, hostile work environment, and retaliation to which it subjected Plaintiff and is liable under the FFCRA and FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FFCRA, FLSA, and FMLA as more fully alleged herein.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

17.   Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.   On or around August 12, 2020, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race and national origin discrimination and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated August 12, 2020, is attached hereto and incorporated herein as Exhibit "A".

19.   On August 9, 2021, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 510-2020-05257) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated August 9, 2021, is attached hereto and incorporated herein as Exhibit "B".

20.     This action is filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue, dated August 9, 2021, from the EEOC in reference to EEOC Charge No. 510-2020-05257.

21.     Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.     Plaintiff initially performed worked for Defendant through Acro Service Corporation, a temporary employment service, from in or around October 2017 until in or around the beginning of February 2018.

24.     In or around the beginning of February 2018, Defendant directly hired Plaintiff as a Temporary Maintenance Worker assigned to the County's Public Works Department.

25.     On or around March 2018, Defendant promoted Plaintiff to a permanent, full-time Maintenance Worker I position in the Road Maintenance and Operations ("M&O") Division of the County's Public Works Department, the position Plaintiff held until Defendant wrongfully terminated his employment on or around April 30, 2020.

26.     During his period of employment with Defendant, Plaintiff was subjected to harassment, disparate treatment, and discriminatory treatment based on his race and national origin by his co-workers, supervisors, and managers, which escalated into a hostile work environment as further alleged herein.

27.     Defendant's Crew Leader, Robert Weaver (hereinafter "Mr. Weaver"), immediately supervised and managed Plaintiff and his work for the County (with the exception of a brief period of time from on or around December 7, 2019 to on or around January 7, 2020 when Plaintiff was working at the J.B. Yard).

28.     During this time period, Defendant's M&O Field Supervisor, Paul Johnson (hereinafter "Mr. Johnson"), M&O Supervisor, Robert Powell (hereinafter "Mr. Powell"), M&O Supervisor, Patrick Ferriter (hereinafter "Mr. Ferriter"), M&O Manager, Jason Ouimet (hereinafter "Mr. Ouimet"), and Department Director, John Elias (hereinafter "Mr. Elias"), also supervised and managed Plaintiff and his work for the County in the M&O Division of the County's Public Works Department.

29.     During this time period, Plaintiff's co-workers who also worked for Defendant as Maintenance Workers or in comparable positions within the M&O Division of the County's Public Works Department included Robert Pacovsky (hereinafter "Mr. Pacovsky") and Thomas DiPaolo (hereinafter "Mr. DiPaolo").

30.     During this time period, Plaintiff was a victim of unfair, disparate, and discriminatory treatment and other workplace harassment by Mr. Weaver and his other supervisors and managers based on his race and national origin.

31.     Plaintiff, as a Black Haitian employee, was treated in a disparate manner and subjected to Defendant's unfair policies and practices in that Plaintiff was treated unequally and unlike similarly situated Caucasian employees of Defendant, including INSERT MAINTENANCE WORKERS' NAMES, who also worked for Defendant as Maintenance Workers, and INSERT NAMES Mr. Pacovsky and Mr. DiPaolo, who worked for

Defendant in comparable positions within the M&O Division of the County's Public Works Department.

32.    During this time period, Mr. Weaver consistently berated Plaintiff, cussed at him, forced him to perform unnecessary work, and singled him out and required additional responsibilities of him that his Caucasian employees were not required or responsible for completing.

33.    Mr. Weaver made it clear to Plaintiff that he was constantly looking for an opportunity to terminate Plaintiff's employment.

34.    On or around January 14, 2020, Plaintiff had a family emergency that required him to take a phone call during his lunch break and ultimately ended up causing him to be delayed by a few minutes in returning to work from his lunch break.

35.    Mr. Weaver approached Plaintiff when he returned to work and began reprimanding him for being on the phone. Plaintiff attempted to explain the reason why he had to take the phone call, but Mr. Weaver began cursing at Plaintiff and berating him.

36.    While Caucasian employees, including Plaintiff's supervisor and Defendant's Crew Leader Mr. Weaver, regularly took phone calls during work while "on the clock" without facing any repercussions or disciplinary action, Plaintiff was written up.

37.    Plaintiff was extremely offended by Mr. Weaver's aforesaid discriminatory and disparate treatment of him and reported it to the Defendant.

38.    In response to Plaintiff's complaint, Defendant took zero action. Defendant did not perform any investigation nor stop Mr. Weaver's behavior and the discriminatory treatment to which Plaintiff was being subjected only grew worse.

39.     On March 1, 2020, the Governor of the State of Florida, Ron DeSantis, issued Executive Order 20-51 directing the Florida Department of Health to declare a Public Health Emergency and the State Surgeon General and State Health Officer then declared a Public Health Emergency existed in the State of Florida as a result of the COVID-19 pandemic.

40.     On or around March 13, 2020, the Florida Department of Education closed schools across the State for two (2) weeks effective March 16, 2020.

41.     On or around March 17, 2020, Governor DeSantis extended public school closure through April 14, 2020 and on or around April 18, 2020 closed schools for the remainder of the academic year.

42.     Plaintiff's two (2) minor children, then nine (9) and fourteen (14) years of age, were affected by their respective schools' closures due to COVID-19 and, as a result, were required to stay at home with Plaintiff.

43.     On March 18, 2020, the federal government enacted the FFCRA (operational on April 1, 2020 and effective on April 2, 2020 through December 31, 2020), which created two (2) new emergency paid leave requirements in response to the COVID-19 global pandemic.

44.     Division E of the FFCRA, the Emergency Paid Sick Leave Act (EPSLA), entitled certain employees to take up to two (2) weeks of Paid Sick Leave. Division C of the FFCRA, the Emergency Family and Medical Leave Expansion Act (EFMLEA), which amends Title I of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (FMLA), permitted certain employees to take up to twelve (12) weeks of Expanded Family and Medical Leave, ten (10) of which are paid, for specified reasons related to COVID-19.

45.     Relevant here, under the FFCRA, the EPLSA provides, in pertinent part, that an employer shall provide to each of its employees paid sick leave to the extent that employee is unable

to work due to, among other qualifying reasons, that the employee is caring for his or her son or daughter whose school or place of care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of an individual school or place of care, or the child care provider is unavailable, for reasons related to COVID-19. 29 C.F.R. § 826.20(a)(1)(v).

46. Also relevant here, under the FFCRA, the EFMLEA similarly provides that an eligible employee may take Expanded Family and Medical Leave because he or she is unable to work due to a need to care for his or her son or daughter whose school or place of care has been closed, or whose child care provider is unavailable, for reasons related to COVID-19. 29 C.F.R. § 826.20(b).

47. On or around March 20, 2020, the County implemented County Policy 3.34, COVID-19 Response Plan, which provided for, among other things, paid sick leave and paid family leave in accordance with the FFCRA.

48. The County Administrator approved use of paid COVID-19 Leave in accordance with the FFCRA, including Emergency Paid Leave for Family Care with full pay for up to two (2) weeks at an employee's normal rate of pay and Family Public Health Emergency Leave with full pay up to ten (10) weeks at an employee's normal hourly rate and for the hours the employee would normally be scheduled to work in any two (2) week period.

49. On April 1, 2020, Plaintiff applied for twelve (12) weeks of COVID-19 Leave, two (2) weeks of Emergency Paid Sick Leave and ten (10) weeks of Emergency Family and Medical Leave to begin on April 2, 2020, under the FFCRA and in accordance with the County's Policy, to care for his two (2) minor children and Defendant granted Plaintiff's request for COVID-19 Leave.

50.　When Mr. Weaver became aware that Plaintiff had been granted COVID-19 Leave, Mr. Weaver exaggerated and/or fabricated statements alleged to have been made by Plaintiff regarding his use of COVID-19 Leave. Essentially, Plaintiff was too excited about spending time caring for his children.

51.　On or around April 7, 2020, without any justification, Defendant contacted Plaintiff, withdrew its approval of Plaintiff's COVID-19 Leave, and demanded that Plaintiff return to work the following day on April 8, 2020.

52.　The FFCRA's Emergency Paid Sick Leave Act prohibits an employer from requiring an employee to use other paid leave provided by the employer to the employee before the employee uses paid sick leave under the FFCRA. *See* § 5102(e)(2)(B).

53.　Defendant did not harass nor subject its Caucasian employees who had requested and been granted COVID-19 Leave to the same level of scrutiny as Plaintiff. Because of Plaintiff's race and national origin, Defendant placed Plaintiff under heightened scrutiny and assumed that Plaintiff was not a caretaker for his children.

54.　Defendant discriminated against Plaintiff on the basis of his race and national origin and treated him differently than similarly situated Caucasian employees, by, among other things, applying different standards, requirements, processes and procedures with respect to his request for COVID-19 Leave, granting his request for COVID-19 Leave and then subsequently rescinding the approval, forcing him to return to work, and subjecting him to an internal investigation for exercising his rights under the FFCRA, FLSA and FMLA, while not subjecting similarly situated Caucasian employees to any of the above.

55.    Defendant's Crew Leader Mr. Weaver, Defendant's managers, and Defendant's Human Resources personnel orchestrated Plaintiff to be removed from his COVID-19 Leave under the FFCRA and FMLA to which he was entitled in order to care for his children.

56.    Despite Defendant finding no evidence during its investigation to dispute Plaintiff's right to leave in order to care for his children, Defendant took Plaintiff off of COVID-19 Leave under the FFCRA and FMLA and never allowed Plaintiff to resume his COVID-19 Leave to which he was entitled under the FFCRA and FMLA.

57.    Instead, a few weeks after withdrawing its approval of Plaintiff's COVID-19 Leave request and demanding that he return to work, Defendant terminated Plaintiff's employment under false pretenses for alleged time clock violations that had occurred months earlier. However, Plaintiff's then-supervisor at the time had confirmed each time entry allegedly at issue and, in fact, had made or recorded many of the time entries himself. Defendant did not provide or offer any evidence that Plaintiff was required to clock out while attending training nor that Plaintiff violated any County policies.

58.    Defendant terminated Plaintiff's employment as a pretext to deprive him of his rights under the FFCRA, FLSA, and FMLA and in further violation of Title VII and the FCRA.

## COUNT I
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Racial Discrimination/National Origin Discrimination
### Hostile Work Environment

59.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60.    Plaintiff, an adult Black Haitian male, is a member of a protected class by way of his race and national origin.

61.  At all times material herein, Plaintiff was employed by Defendant and Defendant was an "employer" within the meaning of Title VII.

62.  At all times material herein, Defendant employed, and continues to employ, five hundred (500) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

63.  Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

64.  At all times material herein, Defendant employed Mr. Weaver as a Crew Leader/Equipment Operator III in the M&O Division of the County's Public Works Department.

65.  At all times material herein, Plaintiff's supervisor Mr. Weaver harassed and discriminated against Plaintiff because of his race and national origin (Black Haitian).

66.  Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

67.  However, Plaintiff, a Black Haitian, was subjected to a hostile work environment because of his race and national origin through disparate treatment, pretextual admonishment, demeaning comments and behavior, and other discriminatory treatment by Defendant and

its employees, supervisors, managers, and other agents, including but not limited to Mr. Weaver, as more particularly alleged hereinabove.

68. The harassment and disparate treatment of Plaintiff by Defendant and its employees, supervisors, managers, and other agents was so frequent and severe that it created a hostile work environment for Plaintiff.

69. Mr. Weaver's offensive acts and statements, more particularly described herein above, were so severe and pervasive that they materially altered the terms and conditions of Plaintiff's employment.

70. Plaintiff believed that Mr. Weaver's offensive acts and statements materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Mr. Weaver's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

71. Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

72. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Mr. Weaver's harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

73. Defendant violated Title VII by subjecting Plaintiff to harassment and a hostile work environment because of his race and national origin and by failing to promptly correct the Mr. Weaver's harassment once it learned of it.

74. As more particularly alleged hereinabove, Defendant's managers and Human Resources personnel, who supervised and managed both Plaintiff and Mr. Weaver, were informed of Mr. Weaver's harassment by Plaintiff.

75. While Plaintiff expressed concerns regarding the discriminatory treatment he had been receiving while employed with Defendant, his concerns were not properly investigated and the discriminatory behavior of Mr. Weaver toward Plaintiff continued.

76. Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by Mr. Weaver failed to promptly take steps to correct the conduct of Mr. Weaver who, like Plaintiff, was under their supervision, management and control.

77. Instead, as more particularly alleged hereinabove, Defendant's managers and Human Resources personnel further perpetuated the discrimination and hostile work environment by reprimanding and disciplining Plaintiff under false pretenses and subjecting him to further disparate treatment in connection with his request for COVID-19 Leave.

78. Plaintiff, by being subjected to this harassment, discrimination, disparate treatment, and hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

79. As more particularly alleged hereinabove, instead of correcting the discriminatory behavior, Defendant ultimately terminated Plaintiff's employment on April 30, 2020 during the COVID-19 pandemic under false pretenses.

80. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived him of statutory rights under Title VII.

81.   Defendant's aforementioned actions constitute discrimination, hostile work environment and retaliation in violation of Title VII.

82.   As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, MARCO EDMOND, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CHARLOTTE COUNTY, FLORIDA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by subjecting him to a hostile work environment and discriminating against Plaintiff on the basis of his race and national origin;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered as a result of the hostile work environment and discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.   Award compensatory damages to Plaintiff in an amount that will fully, justly, and

reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff any and all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS ACT AND THE FAMILY AND MEDICAL LEAVE ACT
## FFCRA (EFMLEA)/FMLA Interference

83.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

84.     The FFCRA's Emergency Family and Medical Leave Expansion Act (EFMLEA) amended section 102(a)(1) of the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2612(a)(1)) by, among other things, requiring employers to provide up to twelve (12) weeks of expanded paid family and medical leave to eligible employees who were unable to work because the employee was caring for his or her son or daughter whose school or place of care was closed or whose child care provider was unavailable due to a public health emergency, defined as an emergency with respect to COVID-19, declared by a federal, state or local authority (during the effective period from April 2, 2020 to December 31,

16

2020). *See* FFCRA, Division C–Emergency Family and Medical Leave Expansion Act § 3102; 29 U.S.C. § 2611(a)(1).

85.     The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FFCRA's EFMLEA. 29 C.F.R. § 826.151(a). An employer who commits such a prohibited act shall be subject to the enforcement provisions set forth in section 107 of the FMLA, 29 U.S.C. § 2617, and 29 C.F.R. 825.400, except that an eligible employee may file a private action to enforce the FFCRA's EFMLEA only if the employer is otherwise subject to the FMLA in the absence of EFMLEA. 29 C.F.R. § 826.151(b).

86.     At all material times herein, Defendant was and is an "employer" covered by the FMLA as it was and is a public agency and person engaged in commerce or in an industry or activity affecting commerce and employs more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. §§ 2611(4)(A)(iii) and 2611(4)(B); 29 U.S.C. § 203(x); 29 C.F.R. § 825.104(a).

87.     At all times material herein, Defendant was and is an "employer" within the meaning of the FMLA, as amended by the FFCRA's EFMLEA, as Defendant was and is a public agency and person engaged in commerce or an industry or activity affecting commerce that employs one (1) or more employees. *See* 29 C.F.R. § 826.10(a); 29 U.S.C. § 203(x)(providing that a "[p]ublic agency" means, among others things, "the government of a State or political subdivision thereof").

88.  At all times material herein, Plaintiff was an "eligible employee" within the meaning of the FMLA, as amended by the FFCRA's EFMLEA, as he had been employed for at least thirty (30) calendar days by Defendant, the employer, with respect to whom leave was requested under section 102(a)(1)(F) of the FMLA. FFCRA, Division C–Emergency Family and Medical Leave Expansion Act § 3102(b).

89.  As more particularly alleged hereinabove, Plaintiff worked for Defendant for at least thirty (30) days before the date he provided Defendant with notice of his qualifying need for leave and submitted his COVID-19 Leave Request to Defendant.

90.  At all times material herein, Plaintiff was entitled to FFCRA/EFMLEA/FMLA leave because he had a "qualifying need related to a public health emergency" for such leave in that he needed to care for his two (2) minor children under eighteen (18) years of age whose schools had been closed due to a public health emergency, COVID-19.

91.  Plaintiff's required leave for his two (2) minor children due to school closures and child care being unavailable as a result of the COVID-19 pandemic from on or around April 2, 2020 to on or about April 30, 2020 (the date Defendant terminated his employment) constituted FFCRA (EFMLEA)/FMLA-qualifying leave.

92.  Further, Plaintiff provided Defendant with proper notice of his request and his need for expanded family and medical leave as he notified Defendant of the need to take such emergency paid leave in a way that alerted Defendant that his absence would qualify as leave under FCCRA's EFMLEA/FMLA, namely by properly completing and submitting the COVID-19 Leave Request Form provided by Defendant.

93.  Plaintiff was entitled to take up to a total of twelve (12) workweeks of leave for the purpose described in the FFCRA's EFMLEA. 29 U.S.C. § 2612 (a)(1)(F).

94.     Defendant was obligated to provide Plaintiff, an eligible employee who requested leave for a qualifying reason, the following: (1) two weeks (up to 80 hours) of paid sick leave at two-thirds the employee's regular rate of pay because the employee is unable to work because of a bona fide need to care for a child (under 18 years of age) whose school or child care provider is closed or unavailable for reasons related to COVID-19; and (2) up to an additional 10 weeks of paid expanded family and medical leave at two-thirds the employee's regular rate of pay where an employee, who has been employed for at least 30 calendar days, is unable to work due to a bona fide need for leave to care for a child whose school or child care provider is closed or unavailable for reasons related to COVID-19.

95.     After utilizing two (2) weeks (or up to eighty (80) hours) of leave under the FFCRA's Emergency Paid Sick Leave Act, Plaintiff was entitled to expanded family and medical leave for up to an additional ten (10) weeks under the FFCRA's EFMLEA/FMLA.

96.     However, Defendant interfered with and restrained Plaintiff's exercise of, and Plaintiff's attempt to exercise, his rights under the FFCRA's EFMLEA/FMLA by, among other things, withdrawing its approval of Plaintiff's request for COVID-19 Leave, forcing Plaintiff to return to work, and subjecting him to an internal investigation under false pretenses; using Plaintiff's request for leave as a motivating factor in taking disciplinary action against him under false pretenses; deciding to find/create a justification for terminating Plaintiff's employment; and failing to return Plaintiff to his former position or an equivalent position and instead altering the terms, conditions, and privileges of his employment with Defendant.

97.     Defendant willfully violated the FFCRA's EFMLEA/FMLA and cannot demonstrate that its interference with Plaintiff's rights were made in good faith.

98.     As a result of the Defendant's unlawful conduct alleged herein, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation.

99.     In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

100.    Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FFCRA's EFMLEA/FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

101.    Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3)

        **WHEREFORE**, the Plaintiff, MARCO EDMOND, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CHARLOTTE COUNTY, FLORIDA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

        A.      Grant judgment in favor of Plaintiff and declare that Defendant violated the FFCRA (EFMLEA)/FMLA and engaged in unlawful conduct and employment practices prohibited by the FFCRA (EFMLEA)/FMLA in that Defendant interfered with the exercise of and the attempt to exercise one or more of Plaintiff's rights guaranteed by the FFCRA (EFMLEA)/FMLA;

        B.      Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FFCRA (EFMLEA)/FMLA, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices in violation of the FFCRA (EFMLEA)/FMLA, including, but not limited to, directing that Defendant employ and reinstate

Plaintiff to his previous position with retroactive seniority and granting him full backpay with interest, pension and related benefits;

C.      Award Plaintiff liquidated damages as recoverable under the FFCRA (EFMLEA)/FMLA and as consistent with law;

D.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.      Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT III</u>
**VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS ACT AND THE FAMILY AND MEDICAL LEAVE ACT**
**FFCRA (EFMLEA)/FMLA Retaliation**

102.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 60 and Paragraphs 86 through 99 of this Complaint as though fully set forth herein.

103.    The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FFCRA's EFMLEA. 29 C.F.R. § 826.151(a).

104.    Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises his FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

105. As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FFCRA's EFMLEA and the FMLA.

106. As more particularly alleged hereinabove, Plaintiff qualified for leave under the FFCRA's EFMLEA and the FMLA as he had been employed by Defendant for at least thirty (30) calendar days preceding his notice to Defendant that he would need to take leave related to COVID-19 to care for his two (2) minor children whose schools were closed due to COVID-19.

107. As more particularly alleged hereinabove, Plaintiff provided Defendant with proper notice of his request for leave under the FFCRA's EFMLEA/FMLA.

108. Defendant was obligated to provide Plaintiff, an eligible employee who requested leave for a qualifying reason, the following: (1) two weeks (up to 80 hours) of paid sick leave at two-thirds the employee's regular rate of pay because the employee is unable to work because of a bona fide need to care for a child (under 18 years of age) whose school or child care provider is closed or unavailable for reasons related to COVID-19; and (2) up to an additional 10 weeks of paid expanded family and medical leave at two-thirds the employee's regular rate of pay where an employee, who has been employed for at least 30 calendar days, is unable to work due to a bona fide need for leave to care for a child whose school or child care provider is closed or unavailable for reasons related to COVID-19.

109. After utilizing two (2) weeks (or up to eighty (80) hours) of leave under the FFCRA's Emergency Paid Sick Leave Act, Plaintiff was entitled to expanded family and medical leave for up to an additional ten (10) weeks under the FFCRA's EFMLEA/FMLA.

110.  Plaintiff engaged in statutorily protected activity by exercising his rights to request expanded family and medical leave and to take and/or attempt to take such leave when he was unable to work due to the need to care for his two (2) minor children because their schools closed due to a public health emergency with respect to COVID-19 declared by a local, state, or federal authority.

111.  Defendant knew that Plaintiff was exercising his rights under the FFCRA's EFMLEA and FMLA and was aware of Plaintiff's right to protected leaves of absence under the FFCRA's EFMLEA and FMLA.

112.  Defendant violated the FFCRA's EFMLEA and the FMLA and retaliated against Plaintiff by, among other things,

113.  Defendant committed retaliation in violation of the FFCRA's EFMLEA and FMLA by, among other things: reprimanding/disciplining Plaintiff under false pretenses and terminating Plaintiff's employment under false pretenses.

114.  Plaintiff was terminated in retaliation for his protected activity.

115.  A causal connection exists between Plaintiff's requesting, taking and/or attempting to take expanded family and medical leave and Defendant's adverse employment actions and ultimate decision to terminate Plaintiff's employment.

116.  As more particularly alleged herein above, Plaintiff was notified that his employment with Defendant was being terminated under false pretenses and without a legitimate non-discriminatory basis for the decision.

117.  Defendant's aforementioned actions and omissions constitute violations of the FFCRA and FMLA.

118.    As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FFCRA's EFMLEA and FMLA and, as such, is entitled to legal relief.

119.    In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

120.    Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

121.    Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

**WHEREFORE**, the Plaintiff, MARCO EDMOND, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CHARLOTTE COUNTY, FLORIDA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant violated the FFCRA (EFMLEA)/FMLA and engaged in unlawful conduct and employment practices prohibited by the FFCRA (EFMLEA)/FMLA in that Defendant discharged, disciplined, discriminated against and/or retaliated against Plaintiff for taking leave under the FFCRA (EFMLEA) and exercising his rights under the FFCRA (EFMLEA)/FMLA;

B.    Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment

24

practices in violation of the FFCRA (EFMLEA)/FMLA, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices in violation of the FFCRA (EFMLEA)/FMLA;

C.     Award Plaintiff liquidated damages as recoverable under the FFCRA (EFMLEA)/FMLA and as consistent with law;

D.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.     Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT IV</u>
**VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS ACT AND THE FAIR LABOR STANDARDS ACT FFCRA (EPSLA)/FLSA Retaliation**

122.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

123.    The FFCRA's Emergency Paid Sick Leave Act ("EPSLA") requires employers to provide up to eighty (80) hours of paid sick leave to eligible full-time employees who were unable to work (or telework) due to a need for leave because such employees were caring for a son or daughter whose school or place of care had been closed, or the child care provider was unavailable, due to the COVID-19 pandemic (during the effective period from April 2, 2020 to December 31, 2020). *See* FFCRA, Division E–Emergency Paid Sick Leave Act §§ 5102(a)(5) and 5102(b)(2)(A).

124. The FFCRA's EPSLA provides that it is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who exercises his or her right to take leave in accordance with this Act. *Id*. at § 5104.

125. The FFCRA's EPSLA further provides that an employer who willfully violates section 5104 shall (1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3)); and (2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. §§ 216; 217) with respect to such violation. *Id*. at § 5105(b)(1)–(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. §§ 216; 217.

126. At all times material herein, Plaintiff was an employee, and Defendant was and is an employer, within the meaning of the FFCRA (EPSLA)/FLSA.

127. At all times material herein, Plaintiff was an "employee" within the meaning of the FFCRA (EPSLA) as he met the definition of an employee as defined by section 3(e) of the FLSA (29 U.S.C. § 203(e)). *See* FFCRA, Division E–Emergency Paid Sick Leave Act § 5110(1)(A)(i).

128. At all times material herein, Defendant was and is an "employer" within the meaning of the FFCRA (EPSLA) as Defendant was and is a person who is a "covered employer" as defined by the FFCRA (EPSLA) engaged in commerce or an industry affecting commerce in that Defendant was and is "a public agency or any other entity that is not a private entity or individual" that "employs 1 or more employees". *Id*. at §§ 5110(2)(A); 5110(2)(B)(i)(I)(bb); 5110(2)(B)(i)(III); 5110(2)(B)(ii). *See also* 29. U.S.C. § 203(x).

26

129.   Further, at all times material herein, Plaintiff was an eligible employee within the meaning of the FFCRA (EPSLA) as he was unable to work due to a need for leave because he had to care for his two (2) minor children whose schools had been closed due to COVID-19 precautions. *Id.* at § 5102(a)(5).

130.   Defendant knew that Plaintiff was an eligible employee within the meaning of the FFCRA (EPSLA).

131.   As more particularly alleged herein above, Plaintiff was eligible for and put Defendants on notice of his need for Emergency Paid Sick Leave during the period that he was unable to work due to caring for his two (2) minor children as a result of school closures related to the COVID-19 pandemic.

132.   Plaintiff engaged in statutorily protected activity by exercising his right to request, take and/or attempt to take Emergency Paid Sick Leave in accordance with the FFCRA (EPSLA).

133.   Defendant knew that Plaintiff was exercising his rights under the FFCRA (EPSLA) and was aware of Plaintiff's right to take Emergency Paid Sick Leave under the FFCRA (EPSLA).

134.   Defendant willfully violated the FFCRA (EPSLA)/FLSA and retaliated against Plaintiff by, among other things, reprimanding/disciplining Plaintiff under false pretenses, and terminating Plaintiff's employment under false pretenses.

135.   A causal connection exists between Plaintiff's requesting and/or taking of Emergency Paid Sick Leave under the FFCRA (EPSLA) and Defendant's adverse employment actions and ultimate decision to terminate Plaintiff's employment.

136. As more particularly alleged herein above, Plaintiff was notified that his employment with Defendant was being terminated under false pretenses and without a legitimate non-discriminatory basis for the decision.

137. Defendant's aforementioned actions and omissions constitute willful violations of the FFCRA (EPSLA)/FLSA.

138. As a direct and proximate result of Defendant's retaliatory and unlawful conduct and willful violations of the FFCRA (EPSLA)/FLSA, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FFCRA (EPSLA)/FLSA and, as such, is entitled to legal relief.

139. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FFCRA (EPSLA)/FLSA.

140. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action.

**WHEREFORE**, the Plaintiff, MARCO EDMOND, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CHARLOTTE COUNTY, FLORIDA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant violated the FFCRA (EPSLA)/FLSA and engaged in unlawful conduct and employment practices prohibited by the FFCRA (EPSLA)/FLSA in that Defendant discharged, disciplined, discriminated against and/or retaliated against Plaintiff for taking COVID-19 Leave under the FFCRA (EPSLA) and exercising

28

his rights under the FFCRA (EPSLA)/FLSA;

      B.     Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FFCRA (EPSLA)/FLSA, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices in violation of the FFCRA (EPSLA)/FLSA;

      C.     Award Plaintiff liquidated damages as recoverable under the FFCRA (EPSLA)/FLSA and as consistent with law;

      D.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

      E.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

      F.     Grant such other and further relief as this Court may deem equitable, just, and proper.

### COUNT V
### VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS ACT AND THE FAIR LABOR STANDARDS ACT
### FFCRA (EPSLA)/FLSA Failure to Pay Sick Leave

141.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 and Paragraphs 125 through 142 of this Complaint as though fully set forth herein.

142.    Pursuant to the FFCRA's Emergency Paid Sick Leave Act ("EPSLA"), Plaintiff was eligible for and notified Defendant of his need for Emergency Paid Sick Leave for a two-week period beginning April 2, 2020 in order to care for his two (2) minor children as a result of school closures and unavailable child care related to the COVID-19 pandemic.

143.   Pursuant to the FFCRA's EPSLA, Defendant was required to provide Plaintiff with eighty (80) hours of paid sick time at two-thirds of the amount of his regular rate of pay (as determined under section 7(e) of the FLSA, 29 U.S.C. § 207(e)) not to exceed "$200 per day and $2,000 in the aggregate." *See* FFCRA, Division E–Emergency Paid Sick Leave Act §§ 5102(b)(2)(A); 5110(5)(A)(ii)(II); 5110(5)(B)(i)(I).

144.   An employer who fails to provide an employee with paid sick time and violates section 5102 of the FFCRA's EPSLA is "considered to have failed to pay minimum wages in violation of section 6 of the [FLSA] (29 U.S.C. 206)" and is "subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation." *Id*. at § 5105(a)(1)–(2).

145.   As more particularly alleged hereinabove, Defendant failed to pay Plaintiff any of the required paid sick time under the FFCRA's EPSLA.

146.   As a result of Defendant's willful failure to pay Plaintiff the aforementioned paid sick time and compensation due him, Defendant violated the FFCRA (EPSLA) and FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

147.   Defendant's aforementioned actions or omissions constitute willful violations of the FFCRA (EPSLA)/FLSA.

148.   Defendant acted willfully and either knew that its conduct violated the FFCRA (EPSLA) and FLSA or showed a reckless disregard for the matter of whether its conduct violated the FFCRA (EPSLA)/FLSA. Defendant did not act in good faith with respect to the conduct alleged herein.

149.   Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FFCRA (EPSLA)/FLSA.

150.    As a result of Defendant's aforementioned violations of the FFCRA (EPSLA)/FLSA, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, unpaid sick time compensation, and is entitled to an additional equal amount as liquidated damages.

**WHEREFORE**, the Plaintiff, MARCO EDMOND, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CHARLOTTE COUNTY, FLORIDA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant willfully violated the FFCRA (EPSLA)/FLSA by failing to provide with Plaintiff paid sick time compensation;

B.    Award Plaintiff compensatory damages including all unpaid sick time owed to Plaintiff;

C.    Award Plaintiff liquidated damages as recoverable under the FFCRA (EPSLA)/FLSA and as consistent with law;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.    Award Plaintiff his attorneys' fees and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11**
**Racial Discrimination/National Origin Discrimination**
**Hostile Work Environment**

151. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 and Paragraphs 62 through 84 of this Complaint as though fully set forth herein.

152. Plaintiff, a Black Haitian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of his race and national origin.

153. At all times material herein, Plaintiff was employed by Defendant and Defendant was and is an "employer" within the meaning of the FCRA.

154. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

155. At all times material herein, Defendant employed, and continues to employ, five hundred (500) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

156. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination on the basis of his race and national origin and created a hostile work environment.

157.   As his employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

158.   Defendant violated the FCRA by, among other things, failing to promptly correct the Mr. Weaver's harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of his race and national origin.

159.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

160.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

161.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, MARCO EDMOND, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CHARLOTTE COUNTY, FLORIDA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff on the basis of his race and national origin;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered as a result of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR JURY TRIAL

162.    Plaintiff, by and through his undersigned attorney, hereby demands a jury trial under

Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 7th day of November, 2021.

By: /s/ Frank M. Malatesta, Esq.
　　FRANK M. MALATESTA, ESQ.
　　Florida Bar No.: 0097080
　　MALATESTA LAW OFFICE
　　871 Venetia Bay Boulevard, Suite 235
　　Venice, Florida 34285
　　Telephone No.: (941) 256-3812
　　Facsimile No.:  (888) 501-3865
　　Frank@malatestalawoffice.com
　　Staff@malatestalawoffice.com
　　*Counsel for Plaintiff*